# Wood *v.* Community Trust Company, Appellant.

*Assumpsit—Oral contracts—Pleadings—Affidavit of defense—Insufficiency.*

In an action of assumpsit to recover a sum of money paid by plaintiff to defendant, preliminary to the carrying out of an oral agreement between plaintiff and certain other persons, an affidavit of defense which merely disavows knowledge and calls for proof is insufficient.

Where the action was against a bank which was only a stakeholder and not a party to the parol agreement with the other persons, the reference to the contract and a general averment of ignorance is insufficient.

Argued October 28, 1926. Appeal No. 261, October T., 1926, by defendant, from judgment of M. C. Phila-

delphia County, December T., 1925, No. 621, in the case of William P. Wood v. Community Trust Company. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ.   Affirmed.

Action of assumpsit to recover a sum of money paid to defendant pursuant to an oral agreement.   Before KNOWLES, J.

The facts are stated in the opinion of the Superior Court.

Rule for judgment for want of a sufficient affidavit of defense.   The rule was made absolute.   Defendant appealed.

*Error assigned,* was the order of the court.

*Wm. W. McKim,* for appellant.

*Bryan A. Hermes,* for appellee.

OPINION BY HENDERSON, J., December 15, 1926:

This is an appeal from the Municipal Court in which the complaint is that judgment for want of a sufficient affidavit of defense was entered against the defendant. It is admitted that the plaintiff gave a check to the defendant for $500.   It is alleged in the statement of claim that this was done as preliminary to the carrying out of an oral agreement between the plaintiff and certain other persons, according to which they were to subscribe for an unnamed number of shares of the capital stock of the Community Trust Company.   A meeting was to be held to determine the number of shares to be taken by each of the parties mentioned, the amount to be paid per share therefor and the terms of payment.   The further averment is that the plan was not carried out, that the other parties to the agreement did not subscribe for stock and that no stock was delivered in pursuance of that agree-

ment, as a result of which the consideration for the check wholly failed. The affidavit of defense is clearly insufficient under the rule set forth in Buehler v. U. S. Fashion Plate Co., 269 Pa. 428, and the court below very properly applied the rule of practice there defined. The bank was not a party to the parol agreement alleged in the statement of claim and not sufficiently denied in the affidavit of defense and was, therefore, a mere stakeholder as to the plaintiff's money. It assumed no obligation with respect to the other persons named in the third paragraph of the amended statement of claim and has not presented a sufficient reason why it should not return plaintiff's money to him. The assignment is overruled and the judgment affirmed.